IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ADAM P McNIECE,

    Plaintiff,
v.                                                        CASE NO. 1:19-cv-323-AW-GRJ

TOWN OF YANKEETOWN;
RALF BROOKES; LEVY COUNTY;
STATE OF FLORIDA; U.S. FEDERAL
GOVERNMENT; U.S. ATTORNEY,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a resident of Niantic, Connecticut who is proceeding *pro se,* initiated this case by filing a Complaint (ECF No. 1) and paying the civil case filing fee. The Court concluded that Plaintiff's original complaint failed to establish a basis for the exercise of federal subject matter jurisdiction and failed to otherwise state a claim for relief against the named defendants, and the Court ordered Plaintiff to file an amended complaint. ECF No. 4. Plaintiff then filed a First Amended Complaint, which was stricken because Plaintiff failed to use the Court's form for *pro se* complaints and also exceeded the 25-page page limit of N.D. Fla. Local Rule 5.7(B). The Court afforded Plaintiff an additional opportunity to file an amended complaint. ECF No. 6. This case is now before the Court upon

Plaintiff's Second Amended Complaint, ECF No. 7 ("Complaint"). For the following reasons, it is respectfully recommended that the Complaint be dismissed for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted.

Plaintiff names the following defendants in his Complaint: The Town of Yankeetown, Florida; Levy County, Florida; Attorney Ralf Brookes of Cape Coral, Florida; the State of Florida; and the "U.S. Federal Government/U.S. Attorney". ECF No. 7. According to the allegations of the Complaint, Plaintiff owns property in Yankeetown that was subject to fines for code violations. Plaintiff alleges that Yankeetown brought him to trial without notifying Plaintiff of "any charges or violations that [he] may have committed," and that Plaintiff is now paying fines of $100 per day for "unknown and unspecified code violations." Plaintiff alleges that Yankeetown has placed a lien on all of his property in Levy County. ECF No. 7 at 5.

Plaintiff asserts that he sought relief in Levy County court by way of a "petition for a redress of grievances," but the court recharacterized his case as a "writ of certiorari" and dismissed it without a hearing, in violation of Plaintiff's right to due process. Plaintiff alleges that the Special Master for his case "acted as both Prosecutor and Judge," and engaged in *ex parte* communications with the local government, denying Plaintiff an impartial

referee.  Plaintiff alleges that Yankeetown "provides its citizens with expensive poisonous water," and that the State of Florida and Governor DeSantis have not adequately addressed the contaminated water issue. *Id.* at 6.

Plaintiff contends that attorney Ralf Brookes, who represents the Town of Yankeetown, claimed in county court that Plaintiff was only entitled to a writ of certiorari instead of a petition for redress, and the court agreed with Brookes' argument.  *Id.*  He asserts that Levy County "ignored a County Commissioner appeal, and a Land Classification appeal that [he] requested."  Yankeetown "ignored" Plaintiff's appeals, and "instead took [him] directly to trial."  *Id.*  Plaintiff claims that he has lost revenue due to losing sales contracts on his properties because of the Yankeetown liens.  He also claims that Yankeetown has denied him electric service to his property.  *Id.*

Plaintiff claims that the foregoing facts establish violations of his rights under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments.  Plaintiff seeks injunctive and monetary relief.  *Id.* at 7-9.

Since Plaintiff has paid the full filing fee, his Complaint is not subject to the screening provisions of the *in forma pauperis* statute, 28 U.S.C. § 1915.  Nevertheless, it is well established that federal courts are obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be

lacking.[1]

Federal courts are courts of limited jurisdiction that possess only that power authorized by the Constitution and federal statutes. *See, e.g., Delaware v. Van Arsdall*, 475 U.S. 673, 692 (1986). A plaintiff invoking the court's jurisdiction must establish the basis for such jurisdiction in the complaint. *See Taylor v. Appleton*, 30 F.3rd 1365, 1367 (11th Cir. 1994). Pursuant to 28 U.S.C. § 1332(a)(1), the Court has jurisdiction over cases where there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000. Further, the Court has subject matter jurisdiction over cases involving a federal question.[2]

Plaintiff contends that the basis for federal jurisdiction over his claims is federal question jurisdiction, and that his claims arise under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971). ECF No. 7 at 3-5. Even liberally construed, the allegations of the Complaint are insufficient to establish the existence of a federal question. The promulgation and enforcement of property and building codes is generally a matter of state and local law, and a barebones allegation that Plaintiff has been denied a federal

---

[1] *See Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. Fla. 2004).

[2] 28 U.S.C. § 1331.

constitutional right is insufficient to establish a basis for the exercise of federal jurisdiction.

To assert a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the deprivation occurred under color of state law. *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010); *see* 42 U.S.C. § 1983 (providing a cause of action against a "person" who, under color of state law, deprives a citizen of a right, privilege, or immunity secured by the Constitution or laws).  The plaintiff must allege facts showing an affirmative causal connection between each individual defendant's conduct and the alleged deprivation of his constitutional rights. *Zatler v. Wainwright,* 802 F. 2d 397, 401 (11th Cir. 1986).   If a plaintiff cannot satisfy these requirements or fails to provide factual allegations in support of his claim, the complaint is subject to dismissal.  *Id.* at 737-38.

The Town of Yankeetown, Levy County, and the State of Florida are not "persons" who may properly be named as defendants for purposes of liability under § 1983 on the facts alleged in the Complaint.  Further, there are no factual allegations suggesting that Yankeetown or Levy County, as governmental entities, are liable to Plaintiff under any other theory of liability cognizable under § 1983, such as municipal liability.  *See Monell v.*

*Department of Social Servs.,* 436 U.S. 658 (1978). Defendant Ralf Brookes is an individual, but even assuming that he may be deemed a "state actor," the allegations of the Complaint are wholly insufficient to establish that Brookes violated any of Plaintiff's federal constitutional rights.

Moreover, under the Eleventh Amendment, states and state agencies generally cannot be sued in federal court. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Abusaid v. Hillsborough Cty. Bd. of Cty. Comm'rs*, 405 F.3d 1298, 1302 (11th Cir. 2005). On the facts alleged, Plaintiff's claims against the "State of Florida" are barred by Eleventh Amendment immunity.

*Bivens* created a cause of action against federal *officials* who violate a person's federal constitutional rights. In a *Bivens* action, defendants may be liable to a plaintiff only if they are personally responsible or causally connected to the alleged *constitutional* violation. *Hope v. Bureau of Prisons*, 476 F. App'x 702 (11th Cir. 2012). The "U.S. Federal Government/U.S. Attorney" are not properly named as defendants in a *Bivens* action, and there are no factual allegations suggesting that any federal official violated Plaintiff's constitutional rights.

In sum, the allegations of the Second Amended Complaint fail to state a cognizable claim under either § 1983 or *Bivens,* and therefore Plaintiff has failed to establish a basis for the exercise of federal subject

matter jurisdiction.  It is respectfully **RECOMMENDED** that this case should be **DISMISSED**.

    **IN CHAMBERS** this 16th day of January 2020.

                    *s/Gary R. Jones*
                      GARY R. JONES
                      United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.